# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRANCIS MACK THOMAS,

    Petitioner,

vs.                                                  Civil No. 99-715 LH/WWD

CAMILIO ROMERO, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed August 6, 1999 **[docket # 10]**. Petitioner has pending an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Thomas is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. He is confined pursuant to the judgment, sentence and commitment of the District Court of Lea County for the crimes of Burglary and Larceny.

    2. Petitioner alleges three grounds for relief:

(1) The state court used an allegedly invalid 1981 conviction to impose a four-year enhancement on the present conviction;[1]

(2) prosecutorial misconduct; and

(3) denial of "at least one appeal."

    3. In February 1981, Petitioner was convicted of Commercial Burglary in state Cr. 80-

---

[1] Although Petitioner does not state this ground expressly in terms of a collateral attack on his present conviction, I construe it as such. See Collins v. Hesse, 957 F.2d 746, 748 (10th Cir. 1992) (Pro se petition should be construed liberally as "challenging [petitioner's] present confinement even though the essence of his attack was the alleged unconstitutionality of the prior predicate convictions" used to enhance present sentence).

246 and sentenced to 18 months and one year parole, suspended for two years probation. Ans., Ex. D. Petitioner violated probation in July 1982 and the state moved to revoke his probation. Ex. I, attachment; Ex. J. Defense counsel subsequently filed a motion to discharge Thomas from probation on the basis that the two year probation period was illegal because, under state law, a period of probation cannot extend beyond the suspended sustence. Counsel further argued that Petitioner's probation had expired August 22, 1982 (several days prior to the state's petition to revoke probation). The court agreed with counsel and entered an order discharging Thomas from custody. Ex. I, attachments.

4. In May 1997, Petitioner was convicted in state Cr. No. 96-254 of Burglary and Larceny and sentenced to two concurrent sentences of 18 months each. Ex. A. On the basis of a Supplemental Criminal Information, Ex. C, the basic sentence for Cr. No. 96-254 was enhanced by four years. One of the counts in this information was Cr. No. 80-246.

**First Ground**

5. The inclusion of Cr. No. 80-246 in the Supplemental Criminal Information forms the basis for Petitioner's first ground, in which he alleges that Cr. No. 80-246 is an "invalid" conviction due to the sentencing error regarding the length of probation that was initially made by the state court.

6. A prisoner can raise a habeas corpus challenge to a conviction, the sentence for which has been fully served, when that conviction has been used to enhance the sentence for a subsequent conviction which the prisoner is currently serving. Collins v. Hesse, 957 F.2d 746, 748 (10th Cir. 1992), cert denied, 513 U.S. 955, 115 S.Ct. 376 (U.S. Oct 17, 1994) (No. 94-6096) (relying on Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.), cert. denied, 498 U.S.

879, 111 S.Ct. 212 (1990) and citing Maleng v. Cook, 490 U.S. 488, 494 (1989)).

7. In May, 1998, Petitioner raised this claim in a state habeas petition. Ans., Ex. S.[2] The state court summarily dismissed the petition, but noted that the sentencing court had "conducted a thorough interrogation of the [Petitioner] in open court" before accepting the Petitioner's admission of the allegations contained in the Supplemental Criminal Information. The court also noted that the Judge had "personally advised him of the matters" set forth in the Information and that defense counsel had conferred with him on the details in its contents. Id.

8. If a claim was adjudicated on its merits by the state courts, a Petitioner will be entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2).

9. This ground has no merit, whether viewed from deference to the state court's findings, or on its own. Petitioner does not dispute the facts underlying the convictions set out in the Supplemental Criminal Information, much less present clear and convincing evidence to rebut these facts.[3] Nor does he present any legal authority to show that the state court's imposition of the enhancement was contrary to clearly established federal law.

---

[2] That petition was based on the conviction for which Thomas is currently incarcerated, Cr. No. 96-254. Petitioner filed another habeas petition in state court based on the prior conviction, Cr. No. 80-246 which raised the same issue.

[3] § 2254(e)(1) requires this Court to afford a presumption of correctness to a state court's factual findings, unless petitioner can rebut that presumption with "clear and convincing evidence." Moore v. Gibson, 1999 WL 765893 (10th Cir.(Okla.)).

10. Instead, he merely persists in his contention that his conviction in Cr. No. 80-246 is involuntary because he was sentenced to a period of probation time that was not authorized under state statute. See, e.g., Ex. R at 3. He is under the mistaken notion that the correction of the probationary term invalidates the underlying 1981 felony conviction, and contends that the error precluded the state court from using this as a prior felony conviction for enhancement purposes. The argument is also specious because the habitual offender statute[4] is based on the number of *convictions* and has no connection to the sentence received.

11. Even without any deference being given to the state court findings, this first ground would fail on its own merits because it is not cognizable in a federal habeas petition. As a general rule, federal habeas relief is not available for errors in the interpretation of state sentencing law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). However, a state court's arbitrary disregard of the state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980), cited in Pimenta v Crandell,1999 WL 1009518 (10th Cir.).

12. Petitioner can show a due process violation by demonstrating that the alleged error is so prejudicial so as to render the entire proceeding fundamentally unfair. Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990); see also Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983). In this case, I find no arbitrary disregard of the state sentencing law, including the habitual offender statute, nor do I find any fundamental unfairness or prejudice. Although Petitioner's initial

---

[4] N.M.S.A. 1978 § 31-18-17(C) states in relevant part:
C. Any person convicted of a noncapital felony in this state . . . who has incurred two prior felony convictions which were parts of separate transactions or occurrences. . . is a habitual offender and his basic sentence shall be increased by four years. . .".

4

probationary term was apparently not authorized by state statute, the error was rectified.[5]

Petitioner should be denied relief on this ground.

**Second Ground**

13. Petitioner alleges prosecutorial misconduct as follows:

The Assistant District Attorney, Mr. Ronald Wallker, also prosecuted the invalid conviction (CR-80-246) and upon filing the Habeas Corpus Petition, knew the allegations were in fact true. Mr. Walker manipulated his response to persuade the District Court to not review the issue of any irregularities of the prior conviction."

14. Habeas relief is available for prosecutorial misconduct "only when the misconduct is so egregious that it renders the entire trial fundamentally unfair." Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998), cert. denied, 119 S. Ct. 1360 (1999); see also Donnelly v. DeChristoforo, 416 U.S.637, 642-48 (1974). In making this determination, a court considers "the totality of the circumstances,evaluating the prosecutor's conduct in the context of the whole trial." Id. (quoting Jackson v.Shanks, 143 F.3d 1313, 1322 (10th Cir.), cert. denied, 119 S. Ct. 378 (1998)).

15. Mr. Walker filed the petition to revoke Mr. Thomas' probation. See ¶ 3, above. The state court subsequently entered an Order Discharging Defendent on October 27, 1982. Ans., Ex. I, attachment. Petitioner makes no allegations which could be even remotely construed as suggestive of prosecutorial misconduct, aside from Mr. Walker's zealous conduct as an adversary

---

[5] The petition does not allege any errors based on ineffective assistance of counsel. However, this ground would fail under this theory as well. Even assuming deficiency on counsel's part, Petitioner could not show prejudice since the probation error was corrected. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In terms of sentencing error, only a significant increase in the sentence, attributable to counsel's error, constitutes prejudice. See, e.g., Allen v. U.S., 175 F.3d 560, 562 (7th Cir. 1999)(finding that a 2 offense level difference, i.e., 0-42 months, failed to meet the constitutional standard of prejudice).

5

representing the state's position. Here again, Petitioner confuses a sentencing error in the probationary term with "irregularities" in the conviction itself. Moreover, the sentencing error was corrected, and the Petitioner obtained the relief he requested and to which he was entitled. Relief should be denied on this ground.

**Third Ground**

16. Petitioner alleges "denial of at least one appeal," based on the following "supporting facts":

> The District Court being duly informed of the issue of a [sic] invalid conviction, should have reviewed the information brought forth by petitioner. The Court should have allowed for a new hearing and ruled on any new facts de novo."

17. Petitioner did not pursue a direct appeal on either the 1981 or 1997 felony convictions. Under the plea and disposition agreements for the convictions, he waived his right to a direct appeal. Ans., Exs. B & E.

18. Thomas' contentions on this ground are vague and fail to raise a claim which is cognizable under federal habeas corpus proceedings. I find no "issue" of an invalid conviction which warranted review by the state court, only a sentencing error which has no relevance to either the validity of the conviction or the voluntariness of the plea to the conviction. Moreover, Petitioner did obtain review of the issues he wished raised in collateral proceedings, although the probationary term error had already been redressed by that time.

19. Petitioner alleges no other facts which can be construed to affect the validity of his plea and which are viable constitutional claims. Relief should be denied on this ground as well.

**Recommendation**

I recommend that Respondent's Motion to Dismiss **[docket # 10]** be GRANTED, that

Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE